**A. A. LaRUE, Plaintiff-Appellant,**

v.

**GENERAL TELEPHONE COMPANY OF THE SOUTHWEST, Defendant-Appellee.**

No. 76–3031
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Jan. 17, 1977.

Rehearing Denied Feb. 18, 1977.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

A. A. LaRue, pro se.

Hubert M. Preston, Vice Pres.-Gen. Counsel, San Angelo, Tex., Wayne L. Goodrum, Lexington, Ky., for defendant-appellee.

Before GODBOLD, HILL and FAY, Circuit Judges.

PER CURIAM:

Appellant A. A. LaRue sued General Telephone Company of the Southwest (General Telephone) seeking damages for alleged age discrimination in employment in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. Sec. 621 et seq. After LaRue, proceeding *pro se*, had presented all his evidence and rested, General Telephone renewed its previously denied motion for summary judgment, which the trial court treated as a joint motion for summary judgment and for an instructed verdict. The court granted the motion for an instructed verdict in General Telephone's favor and entered judgment accordingly based on a finding that LaRue had failed to give notice to the Secretary of Labor of his intent to file a private suit within 180 days of the alleged unlawful practice as required by 29 U.S.C. Sec. 626(d).

The facts necessary for review are not in dispute. During and prior to August 1973, LaRue was employed by General Telephone as an engineer in the land acquisition group. The position of senior engineer in that group was vacant, and on August 5, 1973 a man younger than LaRue was hired to fill that position. No further facts need be given since, although LaRue alleged age discrimination by General Telephone in not offering him the position, a review of the entire record has revealed not a scintilla of evidence concerning discrimination. The plaintiff rested his case having established absolutely nothing. There is, therefore, no need for this Court to review or decide the propriety of oral versus written notice under Sec. 626(d), the alleged conflict between the 60-day notice provision of Sec. 626(d) and the two-year statute of limitations in Sec. 626(e), or the date the cause of action accrued so as to start the running of the 180-day notice requirement of Sec. 626(d)(1).

In addition to the above, LaRue charges error in the trial court's action permitting General Telephone to enter a renewed motion for summary judgment after the plaintiff had presented all his evidence and rested. The charge of error is groundless. The record shows that judgment for General Telephone was entered on a motion for instructed (directed) verdict as authorized by Rule 50 of the Federal Rules of Civil Procedure.

No error in the proceedings below having been demonstrated, the trial court's directed verdict for the defendant is

Affirmed.